**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

RYAN T. DAY,                                    )
                                                )
                    Petitioner,                 )
                                                )
v.                                              )          No. 2:09-cv-0082-WTL-JMS
                                                )
SUPERINTENDENT, Putnamville                     )
 Correctional Facility,                         )
                                                )
                    Respondent.                 )

**Entry Denying Petition for Writ of**
**Habeas Corpus and Directing Entry of Judgment**

Ryan Day ("Day") seeks a writ of habeas corpus with respect to the revocation of his parole as to a state sentence from which he contends he had been discharged.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

The pleadings and the expanded record in this case show that Day was sentenced by an Indiana state court to serve a number of concurrent 8-year sentences consecutive to two concurrent 2-year sentences. He challenged the revocation of his parole as to the 8-year sentences in a state habeas petition brought in the Putnam Superior Court. That case, docketed as No. 67D01-0802-MI-0001, was dismissed on April 22, 2008. There was no appeal from this disposition, and the time within which an appeal could have been filed has long since passed.

The respondent has argued without opposition from Day that the failure to appeal the disposition of the state habeas petition constitutes a procedural default.  So it does. *Lewis v. Sternes,* 390 F.3d 1019, 1026 (7th Cir. 2004)("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim.").

A habeas court may not reach the merits of claims as to which there has been a procedural default unless the habeas petitioner overcomes the consequences of that waiver by "demonstrat[ing] either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's 'actual and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (i.e., a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004) (internal citations omitted). Day has not attempted such a showing here, nor is there a discernible basis for him to do so. The consequence is that the court may not reach the merits of his claims.

The petition for a writ of habeas corpus is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   11/30/2009


Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana